# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CR-15-78-R |
| ) | CIV-17-72-R |
| LUIS ENRIQUE RODRIGUEZ-ARROYO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. No. 28). The Court ordered a response thereto, and on April 5, 2017, the United States filed a Motion to Dismiss, asserting therein that Defendant's motion should be dismissed as untimely. (Doc. No. 35). Defendant did not respond in opposition to the motion or seek an extension of time in which to respond. Having considered the parties' submissions, the Court finds as follows.

Defendant pled guilty to a single count of illegal re-entry to the United States in violation of 8 U.S.C. § 1326 and the Court imposed a sixty-month sentence on November 30, 2015. Defendant did not challenge his sentence on appeal, and thus his conviction became final on December 14, 2015, and his § 2255 motion was due not later than December 14, 2016. Although Defendant contends he mailed a § 2255 on November 14, 2016, the Court never received such filing. It was not until January 23, 2017, after correspondence between Defendant and the Court regarding the motion he believed the

Court has received, that the motion was filed.[1] Accordingly, unless Petitioner is entitled to application of the prison mailbox rule, his motion must be dismissed as untimely.[2]

In *Houston v. Lack*, 487 U.S. 266, 276 (198), the Supreme Court held that a *pro se* prisoner's notice of appeal shall be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court receives the documents, provided that the prisoner provides certain information. Specifically, "if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004).[3] If, however, the inmate establishes that his facility does not have a legal mail system, or it is somehow inadequate, the "mandatory method by which a prisoner . . . proves compliance with the mailbox rule" is by submitting a declaration compliant with 28 U.S.C. § 1747 or a notarized statement that sets forth the date upon which the mailing was given to prison officials for mailing and attests that first-class postage was pre-paid. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005)(quoting *Ceballos-Martinez*, 387 F.3d at 1145). The Tenth Circuit extended *Houston*, to § 2255 motions in *United States v. Gray*, 182 F.3d 762, 764, 765 n. 4 (10th Cir. 1999).

Defendant's Motion to Vacate was submitted on a form provided for such motions, which includes the following:

---

[1] Defendant wrote the Court a letter received on January 13, 2017 inquiring about his previously submitted § 2255 motion. The Court immediately responded via letter that it had not received any such motion. On January 23, 2017, Petitioner sent a second letter inquiring about the status of his § 2255 motion and including a copy thereof. The Clerk of Court filed the motion and letter in the record.
[2] Because Defendant did not respond to the motion to dismiss, the Court is unable to discern whether a basis for equitable tolling of the statute of limitations period exists.
[3] A prison legal mail system logs outgoing legal mail, and thus provides a bright line rule for determining the date of a filing.

> I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this motion under 28 U.S.C. § 2255 was placed in the prison mailing system on November 22, 2016.

Doc. No. 28. The date is the only portion of the statement provided by Defendant, the remainder is part of the form. Although this language approaches sufficient for purposes of the mailbox rule, it falls short in two ways, leaving Mr. Rodriguez without the benefit of the rule.

First, in order to rely on this method, Defendant was required to first establish that FCI Beaumont Medium, where he is incarcerated and was at the time he filed the motion, did not have a prison legal mail system or an adequate legal mail system. Accordingly, he cannot rely on the second method. *See* Price, 420 F.3d at 1166 ("[A]n inmate seeking to take advantage of the mailbox rule must use the prison's legal mail system where one is in place. . . ."). Furthermore, even if Defendant established that FCI Beaumont Medium did not have an adequate legal mail system, his declaration fails to indicate that his November 22, 2016 mailing was postage prepaid. *See United States v. Smith*, 182 F.3d 733, 735 n. 1 (10th Cir. 1999)(mailbox rule did not apply to inmate's notice of appeal because the declaration of timely filing did not state that first-class postage had been prepaid). As such, the Court finds that the Motion to Vacate filed herein on January 3, 2017, is untimely, and therefore must be DISMISSED. Finally, a certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

IT IS SO ORDERED this 4th day of May 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE